IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

J.M. WINDOWS AND GUTTERS, LLC,
an Illinois Limited Liability Company,

    Plaintiff,

v.

JOSE MORENO dba J & M WINDOWS
& GUTTERS,

    Defendant.

Case No. 14-05566

Hon.

---

John Di Giacomo
Attorney for Plaintiff
Revision Legal, PLLC
148 E. Front St.
3rd Floor
Traverse City, MI 49684
(231) 714.0100
john@revisionlegal.com

Eric Misterovich
Attorney for Plaintiff
Revision Legal, PLLC
1101 Broad Street
Suite 315
St. Joseph, MI 49095
(269) 281.3908
eric@revisionlegal.com

---

## **COMPLAINT**

Plaintiff J.M. Windows and Gutters, LLC, by and through its attorneys Revision Legal, PLLC, hereby states as follows for its Complaint against JOSE MORENO dba J & M WINDOWS & GUTTERS:

## PARTIES

1. Plaintiff J.M. Windows and Gutters, LLC, (hereafter Plaintiff) is a limited liability company organized under the laws of the State of Illinois.

2. Defendant Jose Moreno is an individual residing in the State of Illinois and doing business as J & M Windows & Gutters.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 because this matter raises federal questions under the Lanham Act over which this Court has original jurisdiction.

4. This Court has supplemental jurisdiction over the claims that arise under the common law in the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant because Defendant resides in Illinois and has committed intentional and tortious acts within this state.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of Illinois.

## FACTS

### PLAINTIFF'S BUSINESS

7. Plaintiff organized as a limited liability company under the laws of the State of Illinois on October 24, 2007. See **Exhibit A**, IL SOS Printout.

8. Plaintiff's principal office is located at 908 Adams Ave, Wauconda, Illinois 60084.

9. Plaintiff is a business that primarily provides window cleaning, gutter cleaning, gutter repair, gutter installation, power washing, and house cleaning (hereafter the Services).

10. Plaintiff primarily provides these services in and around the Chicago area, including the suburbs of Chicago.

## PLAINTIFF'S MARK

11. On August 18, 2007, Plaintiff began using the JM WINDOWS AND GUTTERS mark (hereafter Plaintiff's Mark) in interstate commerce in association with the sale and offering for sale of its Services.

12. On August 18, 2007, Plaintiff registered <jmwindowsgutters.com> to advertise its Services. See **Exhibit B**, <jmwindowsgutters.com> WHOIS.

13. Plaintiff has consistently and exclusively used the mark JM WINDOWS AND GUTTERS in commerce since August 18, 2007 in connection with the Services it provides.

14. Since August 18, 2007, Plaintiff has expended considerable sums of money to promote and advertise its Services in the Chicago and suburban areas.

15. As a result of its extensive advertising efforts and its exclusive and continuous use of the JM WINDOWS AND GUTTERS mark commerce since 2007, Plaintiff has built valuable goodwill in and has obtained common law trademark rights in and to the JM WINDOWS AND GUTTERS mark.

16. Plaintiff's JM WINDOWS AND GUTTERS mark is inherently distinctive or has obtained distinctiveness through secondary meaning.

17. On January 20, 2014, Plaintiff applied for federal trademark registration of the JM WINDOWS AND GUTTERS mark (Serial No.: 86170098).
18. Plaintiff's trademark application notes a first use in commerce of August 18, 2007.
19. Plaintiff's JM WINDOWS AND GUTTERS mark was published for opposition on June 24, 2014.

## DEFENDANT'S BUSINESS

20. Defendant operates as a sole proprietorship as the State of Illinois has no business record for J & M Windows & Gutters.
21. Defendant provides services similar or identical to those Services provided by Plaintiff.
22. Defendant has used the name J & M Windows & Gutters in connection with its window cleaning, gutter cleaning, gutter repair, gutter installation, power washing, and house cleaning services since approximately 2010.
23. Defendant J & M Windows & Gutters provides those Services in the same geographic region as Plaintiff, specifically the Chicago area including the suburbs.
24. Defendant selected the name J & M Windows & Gutters with knowledge of Plaintiff's mark.
25. Defendant selected the name J & M Windows & Gutters to trade off of Plaintiff's goodwill, name, and reputation, and to cause customer confusion.
26. Defendant's use of J & M Windows & Gutters, is confusingly similar to Plaintiff's mark.

27. On June 22, 2010, Defendant, in connection with an individual named Ryan Barrie, registered, trafficked in, and began to use <jmwindowsandgutters.com>. See **Exhibit C**, <jmwindowsandgutters.com> WHOIS.

## ACTUAL CONFUSION

28. Plaintiff's sole member, Art D'Ambrosio, has received numerous calls from Chicago area residents who have mistakenly reached Plaintiff when attempting to contact Defendant. See **Exhibit D**, Affidavit of D'Ambrosio.

29. These individuals have called to complain of subpar performance and other problems with Defendant's work.

30. Plaintiff's business is damaged when Defendant's use of a confusingly similar name casts a negative light on its otherwise successful business.

## PLAINTIFF'S ATTEMPTS TO CONTACT DEFENDANT

31. Plaintiff became aware of Defendant's use of a confusingly similar mark in approximately December 2013.

32. Plaintiff immediately retained counsel and sent a cease and desist letter to Defendant informing Defendant his actions constitute trademark infringement, a violation of the Anticybersquatting Consumer Protection Act, and various state law claims. Plaintiff also demanded Defendant cease and desist using the name J & M Windows & Gutters. See **Exhibit E**, Cease and Desist Letter.

33. Defendant failed to respond to Plaintiff's Cease and Desist Letter.

## UDRP PROCEEDING

34. On January 31, 2014, Plaintiff filed a Complaint with the National Arbitration Forum under the Uniform Domain Name Dispute Resolution Policy (UDRP) regarding Defendant's use and/or registration of <jmwindowsandgutters.com>.

35. On March 13, 2014, the UDRP Panel concluded that Plaintiff had established the elements required under the ICANN Policy and ordered <jmwindowsandgutters.com> to be transferred to Plaintiff. See **Exhibit F,** UDRP Decision.

## DEFENDANT'S CONTINUING UNLAWFUL ACTIONS

36. Notwithstanding Plaintiff's attempt to contact Defendant and Plaintiff's UDRP Proceeding, Defendant continues to operate under a mark confusingly similar to Plaintiff's JM WINDOWS AND GUTTERS mark.

37. Specifically, Defendant continues to operate as J & M WINDOWS & GUTTERS.

38. Plaintiff's sole member, Art D'Ambrosio witnessed Defendant using the J & M WINDOWS & GUTTERS mark on its uniforms and business vehicles as recently as June 2014. See **Exhibit D**, Affidavit of D'Ambrosio.

## COUNT I – FALSE DESIGNATION OF ORIGIN

39. Plaintiff incorporates paragraphs 1-38 as if fully restated herein.

40. Plaintiff has used the JM WINDOWS AND GUTTERS mark in commerce in association with the sale of its Services since 2007.

41. Defendant began unlawfully using the JM WINDOWS AND GUTTERS mark in commerce in association with the sale of its Services subsequent to 2007.

42. Defendant's use of the JM WINDOWS AND GUTTERS mark in commerce is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendant's services are authorized by, sponsored by, approved by, or affiliated with Plaintiff's and/or Plaintiff's Services.

43. Defendant's use of the JM WINDOWS AND GUTTERS mark in commerce is likely to confuse the public.

44. Defendant's use of the JM WINDOWS AND GUTTERS mark in commerce has caused actual confusion in the marketplace. See **Exhibit D**, Affidavit of D'Ambroiso.

45. Consequently, Defendant's use of the JM WINDOWS AND GUTTERS mark constitutes unfair competition, trademark infringement, and false designation of origin pursuant to 15 U.S.C. § 1125(a).

46. Plaintiff is entitled to the recovery of Defendant's profits, Plaintiff's actual damages, and the costs of this action.

47. In light of Defendant's actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

48. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

### COUNT II – CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

49. Plaintiff incorporates paragraphs 1-48 as if fully restated herein.

50. Defendant registered, used, and trafficked in the <jmwindowsandgutters.com> domain name with a bad faith intent to profit from Plaintiff's JM WINDOWS AND GUTTERS mark.

51. Defendant is the domain registrant or authorized licensee of the domain registrant for the <jmwindowsandgutters.com> domain.

52. Plaintiff's JM WINDOWS AND GUTTERS mark was distinctive at the time of Defendant's registration, use, and/or trafficking in the <jmwindowsandgutters.com> domain.

53. Defendant's <jmwindowsandgutters.com> domain is confusingly similar to Plaintiff's mark.

54. Defendant registered, used, and trafficked in the <jmwindowsandgutters.com> domain with prior knowledge of Plaintiff's JM WINDOWS AND GUTTERS mark.

55. Defendant registered, used, and trafficked in the <jmwindowsandgutters.com> domain name to divert customers from Plaintiff's website for commercial gain and to cause a likelihood of confusion.

56. Defendant's actions constitute cybersquatting under § 15 U.S.C. § 1125(d).

57. Plaintiff is entitled to the recovery of Defendant's profits, Plaintiff's actual damages, and the costs of this action.

58. Alternatively, at Plaintiff's election, Plaintiff is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

59. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**COUNT III – INFRINGEMENT PURSUANT TO THE ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT,
765 ILCS 1036/1, et seq**

60. Plaintiff incorporates paragraphs 1-59 as if fully restated herein.

61. Defendant has used, without the consent of Plaintiff, colorable imitations of Plaintiff's Mark.

62. Defendant's use of Plaintiff's Mark in connection with the sale, offering for sale, or advertising for sale of the Services is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendant's services are authorized by, sponsored by, approved by, or affiliated with Plaintiff's and/or Plaintiff's Services.

63. Defendant's use of Plaintiff's mark in commerce is likely to confuse the public.

64. Defendant's use of Plaintiff's mark in commerce has caused actual confusion in the marketplace. See **Exhibit D**, Affidavit of D'Ambroiso.

65. Consequently, Defendant's use of the JM WINDOWS AND GUTTERS mark constitutes trademark infringement pursuant to 765 ILCS 1036/60.

66. As a result, Plaintiff is entitled to injunctive relief to prevent further interference with Plaintiff's trademark rights pursuant to 765 ILCS 1036/70.

67. Further, Plaintiff is entitled to the recovery of Defendant's profits, Plaintiff's actual damages, and the costs of this action pursuant to 765 ILCS 1036/70.

68. Further, Plaintiff is entitled to an award not to exceed three times the Defendant's profits and Plaintiff's damages and attorney fees because Defendant committed the wrongful acts with knowledge or in bad faith pursuant to 765 ILCS 1036/70.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court enter the following judgment against Defendant:

1. That the Court preliminarily and permanently enjoin and restrain Defendant, as well his heirs, successors, assigns, officers, agents, and employees from:

    a. Infringing upon Plaintiff's trademarks, service marks, design marks, or trade names, including, but not limited to, JM WINDOWS AND GUTTERS;

    b. Registering, using, or trafficking in any domain name that is identical or confusingly similar to the JM WINDOWS AND GUTTERS mark;

    c. Aiding or assisting any other third party in subsections (a) and (b) above;

2. That the Court award Plaintiff its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, punitive damages, and any other damages allowable under law;

3. That the Court award Plaintiff its costs and attorneys' fees, and;

4. That the Court award Plaintiff any other relief to which it is entitled.

Respectfully submitted,

Date: July 21, 2014                     J.M. WINDOWS AND GUTTERS, LLC

/s/ Eric Misterovich
Eric Misterovich (P73422)
*Attorneys for Plaintiff*
Revision Legal, PLLLC
1101 Broad St. Ste. 315
St. Joseph, MI 49085
Phone: (269) 281-3908
Fax: (269) 235-9900
eric@revisionlegal.com

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

| | |
|---|---|
| Date: July 21, 2014 | J.M. WINDOWS AND GUTTERS, LLC |
| | /s/ Eric Misterovich<br>Eric Misterovich (P73422)<br>*Attorneys for Plaintiff*<br>Revision Legal, PLLLC<br>1101 Broad St. Ste. 315<br>St. Joseph, MI 49085<br>Phone: (269) 281-3908<br>Fax: (269) 235-9900<br>eric@revisionlegal.com |